IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § § **Plaintiff,** § § vs. § § **EDWARD O. BOSHELL and** § **DONALD J. POCHOPIEN,** § § **Defendants.** § § § | Civil Action No. _____ FILED APRIL 28, 2008　　　　　YM 08CV2392 JUDGE GETTLEMAN MAGISTRATE JUDGE KEYS |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") files this Complaint against Defendants Edward O. Boshell and Donald J. Pochopien, and would respectfully show the Court as follows:

**I.     Summary**

1.     This case involves insider trading by the Defendants in the securities of Laserscope, a medical laser systems company.

2.     Defendant Edward O. Boshell was as an outside disinterested director of a Dallas-based business development company ("the BDC"), who obtained material, nonpublic information regarding American Medical Systems Holdings, Inc.'s ("American Medical") intentions to acquire Laserscope.  During a board meeting of the BDC, a Laserscope board member disclosed to the BDC's board members, including Defendant Boshell, American Medical's bid to buy Laserscope.

3. After learning about American Medical's potential acquisition of Laserscope, Defendant Boshell purchased, between May 9 and May 11, 2006, 10,000 shares of Laserscope stock. The acquisition of Laserscope by American Medical was announced publicly on June 5, 2006. Between June 5 and June 9, 2006, Defendant Boshell liquidated all of his Laserscope stock for a total profit of $85,750.

4. Defendant Donald J. Pochopien was a shareholder of a Chicago-based law firm hired by American Medical to conduct a due diligence review of Laserscope. On May 1, 2006, Pochopien received an internal, confidential conflicts check e-mail sent by another attorney with his firm, which made Pochopien aware of American Medical's potential acquisition of Laserscope.

5. After learning about American Medical's potential acquisition of Laserscope, Pochopien purchased 14,000 shares of Laserscope stock between May 1 and May 15, 2006. Between June 8 and June 14, 2006, Pochopien liquidated all of his Laserscope stock for a total profit of $134,970.

6. By reason of their activities, Defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder. The Commission, in the interest of protecting the public from any further violations of the federal securities laws, brings this action against Defendants seeking permanent injunctive relief, appropriate civil money penalties, and disgorgement of ill-gotten gains plus prejudgment interest.

**II.     Jurisdiction and Venue**

7. The Commission brings this action pursuant to the authority conferred upon it by Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks the imposition of civil penalties pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

8. This Court has jurisdiction over this action under Sections 21(d), 21A and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u-1 and 78aa].

9. Defendants, directly and indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the acts, practices and courses of business described in this Complaint.

10. Venue is proper because the transactions, acts, practices and courses of business described below occurred within the jurisdiction of the Northern District of Illinois.

**III.    Defendants**

11. Edward O. Boshell, age 72, was an outside disinterested director for the BDC from 1998 until his resignation in December 2006. Boshell currently resides in Dallas, Texas and Chicago, Illinois.

12. Donald J. Pochopien, age 61, is an Illinois-licensed attorney who resides in Long Grove, Illinois. From August 1997 until his resignation in December 2006, Pochopien was a shareholder of the Chicago-based law firm.

**IV.    Related Entities**

13. During the relevant time period, Laserscope was a California corporation with its principal place of business in San Jose, California. Until July 25, 2006, Laserscope's securities were registered with the Commission pursuant to Section 12(g) of the Exchange Act and its common stock was traded on the Nasdaq National Market under the symbol "LSCP."

14.     During the relevant time, American Medical was a Delaware corporation with its principal place of business in Minnetonka, Minnesota.  American Medical's securities are registered with the Commission pursuant to Section 12(b) of the Exchange Act and its common stock trades on the Nasdaq National Market under the symbol "AMMD."

## V.    Statement of Facts

15.     In December 2005, Laserscope's board of directors held a special board meeting to discuss the potential sale of the company.  Shortly thereafter, Laserscope began soliciting interested buyers, including American Medical.  In February 2006, Laserscope and American Medical began discussing a possible acquisition.

16.     On or about May 1, 2006, American Medical hired Defendant Pochopien's law firm to conduct a due diligence review of Laserscope for a potential acquisition.  Defendant Pochopien became aware of American Medical's intent to acquire Laserscope after receiving and reading an internal confidential conflicts check e-mail sent by another attorney with Defendant Pochopien's law firm.  The e-mail identified American Medical and mentioned its potential acquisition of Laserscope.

17.     Acting upon the material, nonpublic information obtained from his law firm, Defendant Pochopien began purchasing shares of Laserscope on May 1, 2006. Defendant Pochopien's purchases of Laserscope securities breached a reasonable and legitimate expectation of confidentiality held by his law firm.  Between May 1 and May 15, 2006, Defendant Pochopien purchased a total of 14,000 shares of Laserscope.  Defendant Pochopien purchased 13,000 shares in his personal brokerage account and 1,000 shares in an account in the names of his deceased parents.

18.     On May 4, 2006, Defendant Boshell became aware of American Medical's intent to acquire Laserscope. During a board meeting of the BDC, a Laserscope board member informed the BDC board, including Defendant Boshell, that American Medical was currently bidding to buy Laserscope. At the time, the BDC owned approximately 25% of Laserscope's issued and outstanding common stock. At the board meeting, another director of the BDC warned fellow board members, including Defendant Boshell, that information related to the sale of Laserscope was nonpublic.

19.     Acting upon the material, nonpublic information obtained through his position as a director of the BDC, Defendant Boshell began purchasing shares of Laserscope on May 9, 2006. Defendant Boshell's purchases of Laserscope securities breached a reasonable and legitimate expectation of confidentiality held by the BDC. Between May 9 and May 11, 2006, Defendant Boshell purchased a total of 10,000 shares of Laserscope using two different trust accounts (5,000 shares in each account).

20.     On June 5, 2006, Laserscope and American Medical issued a joint press release announcing American Medical's acquisition of Laserscope for $31.00 per share of common stock. On the day of the announcement, Laserscope's common stock price closed 43% higher at $30.65, an increase from $21.41 the prior trading day.

21.     Between June 5 and June 9, 2006, Defendant Boshell liquidated all 10,000 shares of his Laserscope common stock for a total profit of $85,750.

22.     Between June 8 and June 14, 2006, Defendant Pochopien liquidated all 14,000 shares of his Laserscope common stock for a total profit of $134,970.

## CLAIMS

### Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] Thereunder by Defendants

23.     Plaintiff Commission repeats and incorporates by reference paragraphs 1 through 22 of this *Complaint* as if set forth *verbatim* herein.

24.     Defendant Boshell, as a member of the BDC board of directors, owed a fiduciary duty to the BDC to hold in confidence the information discussed at the board meeting regarding the potential acquisition of Laserscope.  As a result, he had a duty of trust and confidence to not trade Laserscope securities on the basis of material nonpublic information.

25.     Defendant Pochopien, as a shareholder of the Chicago-based law firm hired by American Medical, owed a fiduciary duty to the law firm after learning of American Medical's potential acquisition of Laserscope.  As a result, he had a duty of trust and confidence to not trade Laserscope securities on the basis of material nonpublic information.

26.     In breach of their duties, and for their personal benefit, Defendants Boshell and Pochopien purchased Laserscope stock on the basis of material nonpublic information. Defendants each knew or were severely reckless in not knowing that the information in his possession was material and nonpublic and that trading on the basis of the information was improper and in breach of his duties.

27.     By reason of the foregoing acts and practices, Defendants violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### PRAYER FOR RELIEF

The Commission respectfully requests that this Court enter a judgment:

(i) permanently enjoining Defendants from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

(ii) ordering Defendants to pay civil penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] for their violations of the federal securities laws as alleged herein;

(iii) ordering Defendants to disgorge all ill-gotten gains from the conduct alleged herein, with prejudgment interest; and

(iv) granting such other relief, both in law and in equity, as this Court may deem just and appropriate.

Dated this 28th day of April, 2008.

Respectfully submitted,

*s/ Jennifer D. Brandt*
JENNIFER D. BRANDT
Texas Bar No. 00796242
J. KEVIN EDMUNDSON
Texas Bar No. 24044020
Securities and Exchange Commission
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102-6882
(817) 978-6442 (jb)
(817) 978-2700 (*fax*)

Local Counsel:

Steven J. Levine
Securities and Exchange Commission
175 West Jackson Street, Suite 900
Chicago, IL 60604-2601
(312) 353-7390