**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **Civil Action No. 1:08-cv-2392 Judge Robert W. Gettleman ECF** |
| **EDWARD O. BOSHELL and DONALD J. POCHOPIEN,** | § § § | |
| **Defendants.** | § § § § | |

<u>**AGREED MOTION TO ENTER AGREED FINAL JUDGMENTS**</u>

Plaintiff Securities and Exchange Commission files this Agreed Motion to Enter Agreed

Final Judgments and would respectfully show the Court as follows:

1.      The Commission filed this case on April 28, 2008, alleging that Defendants

Edward O. Boshell ("Boshell") and Donald J. Pochopien ("Pochopien") violated the federal

securities laws by engaging in insider trading in the securities of American Medical Systems

Holdings, Inc. (American Medical), a medical laser systems company.  The Commission's

Complaint sought against defendants permanent injunctions, the payment of disgorgement plus

pre-judgment interest, civil penalties, and officer and director bars.

2.      The Commission has reached settlement agreements with both defendants.  Both

defendants have consented to the entry of a permanent injunction, without admitting or denying

the allegations in the Commission's Complaint.  Additionally, Defendant Boshell has consented

to the entry of an order requiring him to pay disgorgement of $85,750, plus prejudgment interest

thereon in the amount of $11,381.75, and a civil penalty of $85,750 for a total of $182,881.73.

Defendant Pochopien has consented to the entry of an order requiring him to pay disgorgement

of $134,970, plus prejudgment interest thereon in the amount of $17,914.81, and a civil penalty

of $134,970 for a total of $287,854.81.

3.      Defendants have each executed Consents and a [Proposed] Agreed Judgment.  A

copy of Boshell's Consent is attached to this motion as Exhibit "A" and fully incorporated

herein.  A copy of Pochopien's Consent is attached to this motion as Exhibit "B" and fully

incorporated herein.  Defendants signed [Proposed] Final Judgments are attached hereto as

Exhibits "C" and "D."

4.      The Commission respectfully moves the Court to enter the [Proposed] Agreed

Judgments.

Dated: April 29, 2008                                Respectfully submitted,

                                                     */s/Jennifer D. Brandt*
                                                     Jennifer D. Brandt
                                                     Texas Bar No. 00796242
                                                     J. Kevin Edmundson
                                                     Texas Bar No. 24044020
                                                     Securities and Exchange Commission
                                                     Fort Worth Regional Office
                                                     801 Cherry Street, Suite 1900
                                                     Fort Worth, Texas 76102
                                                     Ph: (817) 978-6442 (jdb)
                                                     Fax:(817) 978-4927
                                                     *brandtj@sec.gov*

Local Counsel:

Steven J. Levine
Securities and Exchange Commission
175 West Jackson Street, Suite 900
Chicago, IL 60604-2601
(312) 353-7390

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing *Agreed Motion to Enter Agreed Judgments* with the Clerk of the Court for the Northern District of Illinois, Chicago Division, by using the CM/ECF system which will not send a notice of electronic filing to the parties.

I further certify that on April 29, 2008, I served a true and correct copy of the foregoing document by depositing a copy thereof in an authorized Federal Express depository at Fort Worth, Texas with overnight express charges prepaid and addressed to the following parties and persons entitled to notice:

Patrick Craine
Bracewell & Giulliani
1445 Ross Avenue, Ste. 3800
Dallas, Texas 75202-2711
Telephone:  214-758-1048
Fax:  214-758-8348
Patrick.Craine@bgllp.com
*Attorney for Defendant Boshell*

Jacqueline Jacobson
Monico, Pavich & Spevack
20 South Clark Street, Ste. 700
Chicago, Illinois 60603
Telephone:  312-782-8500
Fax:  312-759-2000
jjacobson@monicopavich.com
*Attorney for Defendant Pochopien*

*/s/Jennifer D. Brandt*
Jennifer D. Brandt

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Commission has conferred with opposing counsel, and the defendants do not oppose the entry of the attached Final Judgments.

*/s/Jennifer D. Brandt*
Jennifer D. Brandt

## CONSENT OF DEFENDANT EDWARD O. BOSHELL

1.      Defendant Edward O. Boshell ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)      permanently restrains and enjoins Defendant from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5;

        (b)      orders Defendant to pay disgorgement in the amount of $85,750, plus prejudgment interest thereon in the amount of $11,381.73; and

        (c)      orders Defendant to pay a civil penalty in the amount of $85,750 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

3.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a

EXHIBIT A

distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not

a party.

12.    .  Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated:  FEB 21 2008                    _Edward O Boshell_
                                       Edward O. Boshell

    On _Feb. 21_, 2008, _Edward O. Boshell_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

                                       _Courtney B. Poteete_
                                       Notary Public
                                       Commission expires:

COURTNEY B. POTEETE
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
APRIL 11, 2010


Approved as to form:


Consent of Defendant Edward O. Boshell                    4

Patrick Craine
Bracewell & Giulliani
1445 Ross Avenue, Ste. 3800
Dallas, Texas 75202-2711
Telephone: 214-758-1048
Fax: 214-758-8348
Attorney for Defendant

## **CONSENT OF DEFENDANT DONALD J. POCHOPIEN**

1.      Defendant Donald J. Pochopien ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)      permanently restrains and enjoins Defendant from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5;

        (b)      orders Defendant to pay disgorgement in the amount of $134,970, plus prejudgment interest thereon in the amount of $17,914.81; and

        (c)      orders Defendant to pay a civil penalty in the amount of $134,970 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

3.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a

EXHIBIT B

distribution fund or otherwise used for the benefit of investors.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __01/31/08__         _____

Donald J. Pochopien

On __January 31__, 2008, __Donald J. Pochopien__ a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

"OFFICIAL SEAL"
Jessica Agin
Notary Public, State of Illinois
My Commission Exp. 08/05/2010

Approved as to form:

Jacqueline Jacobson
Monico, Pavich & Spevack
20 South Clark Street, Ste. 700
Chicago, Illinois 60603
Telephone: 312-782-8500
Fax: 312-759-2000
Attorney for Defendant

Consent of Defendant Donald J. Pochopien

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | Civil Action No.  1:08-cv-2392 |
| vs. | § § | |
| EDWARD O. BOSHELL and DONALD J. POCHOPIEN, | § § § | |
| Defendants. | § § § | |

## AGREED FINAL JUDGMENT AS TO DEFENDANT EDWARD O. BOSHELL

The Securities and Exchange Commission having filed a Complaint and Defendant Edward O. Boshell ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $85,750,  representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,381.73 and a civil penalty in the amount of $85,750 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $182,881.73 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Edward O. Boshell as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent

amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

_____
UNITED STATES DISTRICT JUDGE

Approved as to Form and Substance:

*s/ Patrick Craine*
Patrick Craine
Bracewell & Giulliani
1445 Ross Avenue, Ste. 3800
Dallas, Texas 75202-2711
Telephone:  214-758-1048
Fax:  214-758-8348
Attorney for Defendant Boshell


*s/ Jennifer D. Brandt*
Jennifer D. Brandt
Texas Bar No. 00796242
U.S. SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
801 Cherry Street, Suite 1900
Fort Worth, TX 76102-6819
Telephone: (817) 978-6442
Facsimile: (817) 978-2700
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, §<br>§<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>EDWARD O. BOSHELL and §<br>DONALD J. POCHOPIEN, §<br>§<br>Defendants. §<br>§<br>§ | Civil Action No.  1:08-cv-2392 |

## AGREED FINAL JUDGMENT AS TO DEFENDANT DONALD J. POCHOPIEN

The Securities and Exchange Commission having filed a Complaint and Defendant Donald J. Pochopien ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)    to employ any device, scheme, or artifice to defraud;

   (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $134,970, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,914.81, and a civil penalty in the amount of $134,970 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $287,854.81 pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Donald J. Pochopien as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## III.

Donald J. Pochopien shall pay $287,854.81 in four installments according to the following schedule:  (1) $71,963.71, within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $71,963.71, within 90 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3)  $71,963.71, 180 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $71,963.71, within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961

If Donald J. Pochopien fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2008

*SEC v. Boshell, et al.*                                                                                     Page 3
FINAL JUDGMENT AS TO DEFENDANT POCHOPIEN

_____
UNITED STATES DISTRICT JUDGE

Approved as to Form and Substance:

*s/ Jacqueline Jacobson*
Jacqueline Jacobson
Monico, Pavich & Spevack
20 South Clark Street, Ste. 700
Chicago, Illinois 60603
Telephone:  312-782-8500
Fax:  312-759-2000
Attorney for Defendant Pochopien

*Jennifer D. Brandt*
Jennifer D. Brandt
Texas Bar No. 00796242
U.S. SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
801 Cherry Street
Suite 1900
Fort Worth, TX 76102-6819
Telephone: (817) 978-6442
Facsimile: (817) 978-2700
Attorney for Plaintiff