

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD O. BOSHELL and DONALD J. POCHOPIEN,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 1:08-cv-2392<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### AGREED FINAL JUDGMENT AS TO DEFENDANT DONALD J. POCHOPIEN

The Securities and Exchange Commission having filed a Complaint and Defendant Donald J. Pochopien ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $134,970, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,914.81, and a civil penalty in the amount of $134,970 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $287,854.81 pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Donald J. Pochopien as a defendant in this action; setting forth the title and civil action number of this action

and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### III.

Donald J. Pochopien shall pay $287,854.81 in four installments according to the following schedule: (1) $71,963.71, within 10 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (2) $71,963.71, within 90 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $71,963.71, 180 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (4) $71,963.71, within 270 days of entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961

If Donald J. Pochopien fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

*SEC v. Boshell, et al.*     Page 3
FINAL JUDGMENT AS TO DEFENDANT POCHOPIEN

Dated: May 6, 2008

_____
UNITED STATES DISTRICT JUDGE

Approved as to Form and Substance:

*s/ Jacqueline Jacobson*
Jacqueline Jacobson
Monico, Pavich & Spevack
20 South Clark Street, Ste. 700
Chicago, Illinois 60603
Telephone: 312-782-8500
Fax: 312-759-2000
Attorney for Defendant Pochopien

*Jennifer D. Brandt*
Jennifer D. Brandt
Texas Bar No. 00796242
U.S. SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
801 Cherry Street
Suite 1900
Fort Worth, TX 76102-6819
Telephone: (817) 978-6442
Facsimile: (817) 978-2700
Attorney for Plaintiff